**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**AUSTIN DIVISION**

| | |
|---|---|
| RAUL CHAVEZ § | |
| § | |
| v. § | 1:20-cv-522-LY |
| § | |
| FREEDOM MORTGAGE CORP. § | |

**REPORT AND RECOMMENDATION**
**OF THE UNITED STATES MAGISTRATE JUDGE**

TO:   THE HONORABLE LEE YEAKEL
      UNITED STATES DISTRICT JUDGE

Before the Court is Defendant's Motion to Dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6). Dkt. No. 3. Plaintiff did not file a response. The District Court referred the above-motion to the undersigned Magistrate Judge for a report and recommendation pursuant to 28 U.S.C. §636(b) and Rule 1(c) of Appendix C of the Local Rules of the United States District Court for the Western District of Texas, Local Court Rules.

**I.   GENERAL BACKGROUND**

On November 3, 2017, Plaintiff Raul Chavez entered into a loan agreement with Freedom Mortgage Corp., obtaining a home equity loan in the amount of $200,431 on residential property located in Buda, Texas (the "Property"). Though not directly stated, it appears that at some point Chavez began to have difficulties making payments and attempted to obtain a loan modification. Dkt. No. 1 at 7, ¶ 11. Chavez alleges that while he was trying to modify the loan, Freedom moved forward with foreclosure proceedings on the Property. *Id.* at ¶ 12.

On November 26, 2019, Chavez filed this lawsuit against Freedom in state court to stop the foreclosure of his property. *See Chavez v. Freedom Mortgage Corp.*, Cause No. 19-2922 (22nd Dist. Ct., Hays County, Tex.). Chavez alleges that Freedom failed to perform its duties as a mortgage

servicer by avoiding Chavez's inquiries regarding an appeal of his loan modification application, failing to give proper notice of default as required under law as a prerequisite to foreclosure, and failing to comply with certain United States Department of Housing and Urban Development (HUD) regulations governing the foreclosure of mortgage loans insured by the Federal Housing Authority (FHA). Chavez asserts claims for negligence and breach of contract, as well as claims under the Real Estate Settlement Procedures Act (RESPA) and Texas Property Code § 51.002. Chavez also seeks injunctive relief to stop the foreclosure. While the foreclosure of the Property was originally scheduled for December 3, 2019, the foreclosure has yet to occur.

Freedom removed this case to federal court on the basis of diversity jurisdiction under 28 U.S.C. §§ 1332 and 1441(a).[1] Dkt. No. 1. The same day, Freedom filed the instant Motion to Dismiss arguing that all of Chavez's claims should be dismissed under Federal Rule of Civil Procedure 12(b)(6). Dkt. No. 3.

## II. STANDARD OF REVIEW

Rule 12(b)(6) allows for dismissal of an action "for failure to state a claim upon which relief can be granted." While a complaint attacked by a Rule 12(b)(6) motion does not need detailed factual allegations in order to avoid dismissal, the plaintiff's factual allegations "must be enough to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). A plaintiff's obligation "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* The Supreme Court has explained that a complaint must contain sufficient factual matter "to state a claim to relief that is plausible on

---

[1] Chavez is a citizen of Texas. Dkt. No. 1 at ¶ 8. Freedom is incorporated in New Jersey with its principal place of business in New Jersey. *Id.* at ¶ 9. The amount in controversy is at least $213,890. *Id.* at ¶ 10.

2

its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* In evaluating a motion to dismiss, the Court must construe the complaint liberally and accept all of the plaintiff's factual allegations in the complaint as true. *See In re Katrina Canal Breaches Litigation*, 495 F.3d 191, 205 (5th Cir. 2009). However, "regardless of whether the plaintiff is proceeding pro se or is represented by counsel, conclusory allegations or legal conclusions masquerading as factual conclusions will not suffice to prevent a motion to dismiss." *Taylor v. Books A Million, Inc.*, 296 F.3d 376, 378 (5th Cir. 2002) (quotation marks omitted).

### III. ANALYSIS

As noted, Chavez failed to respond to Freedom's Motion to Dismiss. Pursuant to Local Rule CV-7(e), if there is no response filed within the time period prescribed by the rules, the court may grant a motion as unopposed. *See* Local Court Rule CV-7(e)(2) (responses to dispositive motions due within 14 days of motion's filing). However, the Court will address the merits of the Motion because dismissing a case other than on its merits is disfavored.

    **A.**    **Negligence Claims**

Chavez alleges that Freedom "had a duty to Plaintiff to provide notice of any transfer, assignment, or sale of the note, to properly manage the loan and the escrow amount, to comply with the notice provisions contained in the deed of trust before accelerating the note and foreclosing on the property, and, when applying for a mortgage modification, to protect their rights and not mislead them," and that Freedom "breached the duties it owed to Plaintiff and as a result of this breach Plaintiff was damaged." Dkt. No. 1 at 8, ¶ 13. Chavez asserts that Freedom's duty "can be found in the regulation of the Department of Housing and Urban Development ("HUD") which is

3

incorporated with the Deed of Trust." *Id.* at 8, ¶ 14.  Chavez further alleges that "Defendant's mishandling of Plaintiff's loss mitigation constitutes a negligent misrepresentation." *Id.* at 9, ¶ 17.

To state a claim for negligence under Texas law, Chavez must establish that Freedom owed him a legal duty. *Pemberton v. PNC Bank Nat. Ass'n*, 2012 WL 2122201, at *3 (S.D. Tex. June 11, 2012); *Nabors Drilling, U.S.A ., Inc. v. Escoto*, 288 S.W.3d 401, 404 (Tex. 2009).  To show there is a duty in tort based on a contract, a plaintiff must show there is a special relationship between the parties. *Farah v. Mafridge & Kormanik, P.C.*, 927 S.W.2d 663, 675 (Tex.App.—Houston [1st Dist.] 1996, no writ).  It is well established that no such relationship exists under a contract between a mortgagor and a mortgagee.  *Thomas v. EMC Mortg. Corp.,* 499 Fed.App'x. 337, 341 (5th Cir. 2012); *Collier v. Wells Fargo Home Mortg.*, 2006 WL 1464170, *8 (N.D. Tex. May 26, 2006). Because Chavez cannot show any duty owed to him by Freedom, his negligence claim fails.

Likewise, Chavez fails to allege a viable negligent misrepresentation claim.  Chavez alleges that "Defendant failed to use reasonable care in communicating to Plaintiff the options of loss mitigation," and that Chavez relied on Freedom's false representations to his detriment.  Dkt. No. 1 at 8, ¶¶ 15, 17.  To state a claim for negligent misrepresentation, a plaintiff must allege facts showing that (1) a misrepresentation was made by the defendant in the course of his business or in a transaction in which the defendant has a pecuniary interest; (2) the defendant supplied "false information" for the guidance of others in their business; (3) the defendant did not exercise reasonable care or competence in obtaining or communicating the information; and (4) the plaintiff suffered a pecuniary loss by justifiably relying on the representation. *Biggers v. BAC Home Loans Servicing, LP*, 767 F.Supp.2d 725, 734 (N.D. Tex. Feb.10, 2011).  In Texas, the economic loss rule may bar recovery for negligent representation claims. *Lamar Homes, Inc. v. Mid-Continent Cas. Co.*, 242 S.W.3d 1, 12 (Tex. 2007). "In determining whether a tort claim is merely a repackaged

4

breach of contract claim, a court must consider: (1) whether the claim is for breach of duty created by contract, as opposed to a duty imposed by law; and (2) whether the injury is only the economic loss to the subject of the contract itself." *Stanley Indus. of S. Fla. v. J.C. Penney Co.*, 2006 WL 2432309, at *5 (N.D. Tex. Aug. 18, 2006).

Here, Chavez's claim that Freedom made misrepresentations and failed to communicate his options of loss mitigation merely repackages his breach of contract claim as a negligent misrepresentation claim. Chavez's negligent misrepresentation claim rests on his allegation that Freedom breached their Loan Agreement, and the alleged loss complained of is the subject matter of that Loan Agreement. Accordingly, his claim is barred by the economic loss rule. *See Myers v. Bank of America, N.A.*, 2012 WL 1107687, at *4 (E.D. Tex. Mar. 31, 2012) (finding that plaintiffs' negligent misrepresentation allegations relating to a loan modification are barred by economic loss rule since they flow solely from the note and deed of trust); *Narvaez v. Wilshire Credit Corp.*, 757 F. Supp. 2d 621, 634 (N.D. Tex. 2010) (dismissing negligent misrepresentation claim where mortgagor's injuries were only for economic loss to the subject matter of his contract with loan servicer and mortgagee). Accordingly, Chavez's negligent misrepresentation claim fails as well.

### B.   RESPA Claim

Chavez's Original Petition asserts that he brings suit against Freedom alleging a "violation of RESPA, 12 USC Sec. 1024, et seq." Dkt. No. 1 at 7, ¶ 8. To recover on a RESPA claim, a claimant must show that actual damages resulted from a RESPA violation. 12 U.S.C. § 2605(e), (f); *Steele v. Quantum Servicing Corp.*, 2013 WL 3196544, at *6 (N.D. Tex. June 25, 2013). While Chavez's Original Petition references RESPA generally, it fails to identify any specific provision of RESPA allegedly violated by Freedom. Further, Chavez fails to allege any actual damages resulting from a RESPA violation. As such, Chavez's RESPA claim must be dismissed.

### C. Claim for Violation of Texas Property Code § 51.002

Texas Property Code § 51.002 governs a foreclosure sale of real property pursuant to a deed of trust and provides specific requirements as to the time and place a foreclosure sale must be held, as well as to the notices that must be given before the sale. *See, e.g.*, Texas Property Code § 51.002(b). Chavez alleges that "[B]ased on belief and information, Defendant failed to give the notice required by law which is a prerequisite to foreclose on the property," and that "[t]he failure of the Defendant to provide a vaild (sic) notice makes any action to take a foreclosure action a violation of Tex. Prop. Code Ann. 51.0002." Dkt. No. 1 at 9, ¶¶ 22, 23. "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action'" is not sufficient. *Iqbal*, 129 S.Ct. at 1949 (citation omitted). Because Chavez's petition does not contain factual allegations supporting any inference that Freedom failed to comply with Texas Property Code § 51.002, Chavez has failed to state a viable cause of action under that statute, and Freedom's motion to dismiss should be granted, without prejudice to Chavez repleading.

### D. Breach of Contract Claim

Lastly, Chavez asserts a breach of contract claim, alleging that Freedom breached the Loan Agreement because Freedom (1) "failed to comply with HUD regulations outlining procedures that must be followed prior to accelerating and foreclosing a loan subject to the FHA," (2) failed to make reasonable efforts to inform Chavez of any assistance options before accelerating the loan and proceeding with foreclosure, and (3) failed to provide all proper notice as contractually required by the deed of trust prior to attempting foreclosure. Dkt. No. 1 at 10-11, ¶¶ 25-32. Under Texas law, a breach of contract claim requires showing "(1) the existence of a valid contract; (2) performance or tendered performance by the plaintiff; (3) breach of contract by the defendant; and (4) damages

6

sustained by the plaintiff as a result of the breach." *Smith Int'l, Inc. v. Eagle Group, LLC*, 490 F.3d 380, 387 (5th Cir. 2007).

As an initial matter, it is well established that a mortgagor has no private right of action for a mortgagee's failure to comply with HUD regulations. *See, e.g.*, *Klein v. Wells Fargo Bank, N.A.*, 2014 WL 5685113, at *5 (W.D. Tex. Nov. 4, 2014) ("[HUD] regulations govern relations between the mortgagee and government, and give the mortgagor no claim for duty owed or for the failure to follow said regulations."); *Bassie v. Bank of Am., N.A.*, 2012 WL 6530482, at *3 (S.D. Tex. Dec. 13, 2012) ("[P]laintiffs' breach of contract claim based on Bank of America's alleged failure to comply with regulations of [HUD] must be dismissed because those regulations, too, do not provide for a private cause of action."). Accordingly, Chavez's breach of contract claim based on Freedom's alleged failure to comply with HUD regulations fails as a matter of law.

Chavez's claims that Freedom breached the Loan Agreement by failing to make reasonable efforts to inform Chavez of assistance options and failing to provide Chavez with proper notice prior to foreclosing on the Property also fail. In its motion to dismiss, Freedom argues Chavez's breach of contract claims should be dismissed because "Plaintiff fails to identify the alleged provision of the deed of trust that was breached by Defendant," and "fails to allege any damages suffered as a result of any alleged breach." Dkt. No. 3 at 7. The Court agrees. Chavez's petition does not contain factual allegations supporting any inference that Freedom breached its contractual obligations to Chavez. Even if Chavez had alleged sufficient facts to show that Freedom breached the Loan Agreement, his breach of contract claims would fail nevertheless because he has failed to allege that he suffered any actual damages as a result of the alleged breach of contract. As noted, because Chavez's Property has not been foreclosed upon, he cannot rely on any alleged damages due to a foreclosure. *See De La Mora v. CitiMortgage, Inc.*, 2015 WL 12803712, at *2 (S.D. Tex. 2015)

7

("Plaintiff cannot show damages resulting from any such breach because no foreclosure sale has occurred."). To the extent that Chavez asserts he suffered damages in the form of attorneys' fees, such a claim does not constitute actual damages sufficient to sustain a breach of contract claim. *See Vianet Grp. PLC v. Tap Acquisition*, 2016 WL 4368302, at *9 (N.D. Tex. 2016) (concluding that the Supreme Court of Texas would not characterize attorneys' fees as damages "if they were subsequently incurred from prosecuting a breach of contract claim"). Since Chavez has not identified any contractual provision that was breached by Freedom, in damages, his breach of contract claim must be dismissed, without prejudice to repleading.

### E. Injunctive and Declaratory Relief

Chavez also seeks injunctive and declaratory relief to enjoin Freedom from foreclosing on the Property. Claims for injunctive relief and declaratory relief are remedial in nature, and are therefore dependent on the plaintiff's assertion of a viable cause of action. *Collin Cty. v. Homeowners Ass'n for Values Essential to Neighborhoods*, 915 F.2d 167, 170-71 (5th Cir. 1990); *Ehninger v. PNC Bank N.A.*, 2019 WL 1746296, at *2 (N.D. Tex. Apr. 18, 2019); *Mbache v. Wilmington Trust, Nat'l Ass'n*, 2016 WL 1162200, at *4 n.5 (S.D. Tex. Mar. 24, 2016). "Because a declaratory judgment is 'remedial in nature,' where all of a plaintiff's causes of action are dismissed, a related declaratory judgment claim should also be dismissed." *Guajardo v. JP Morgan Chase Bank, N.A.*, 605 F. App'x 240, 250 (5th Cir. 2015) (quoting *Williams v. Wells Fargo Bank, N.A.*, 560 F. App'x. 233, 243 (5th Cir. 2014)). Because Chavez has failed to plead any viable causes of action in this case, Chavez's requests for declaratory and injunctive relief are unavailable. *See id.*

### F. Leave to Amend

In its motion to dismiss, Freedom argues that all of Chavez's claims fail as a matter of law, and thus asserts that dismissal with prejudice is appropriate. Dkt. No. 3 at 7. When a plaintiff's

complaint fails to state a claim, the court should generally give the plaintiff at least one chance to amend under Rule 15(a) before dismissing the action with prejudice. *See Great Plains Trust Co. v. Morgan Stanley Dean Witter & Co.*, 313 F.3d 305, 329 (5th Cir. 2002) ("[D]istrict courts often afford plaintiffs at least one opportunity to cure pleading deficiencies before dismissing a case, unless it is clear that the defects are incurable or the plaintiffs advise the court that they are unwilling or unable to amend in a manner that will avoid dismissal."); *see also United States ex rel. Adrian v. Regents of the Univ. of Cal.*, 363 F.3d 398, 403 (5th Cir. 2004) ( "Leave to amend should be freely given, and outright refusal to grant leave to amend without a justification ... is considered an abuse of discretion." (internal citation omitted)). Accordingly, while the undersigned recommends that Freedom's motion to dismiss should be granted, the undersigned further recommends that dismissal be without prejudice to Chavez repleading his claims.

## IV. RECOMMENDATION

The Court **RECOMMENDS** that the District Court **GRANT** Defendant's Motion to Dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) (Dkt. No. 3) and **DISMISS** Plaintiff's lawsuit without prejudice, and **FURTHER RECOMMENDS** that the District Court set a deadline by which Chavez shall file an amended complaint should he choose to do so.

The Clerk is directed to remove this case from the undersigned's docket and return it to the docket of the Honorable Lee Yeakel.

## V. WARNINGS

The parties may file objections to this Report and Recommendation. A party filing objections must specifically identify those findings or recommendations to which objections are being made. The District Court need not consider frivolous, conclusive, or general objections. *See Battle v. United States Parole Comm'n*, 834 F.2d 419, 421 (5th Cir. 1987). A party's failure to file

9

written objections to the proposed findings and recommendations contained in this Report within fourteen (14) days after the party is served with a copy of the Report shall bar that party from *de novo* review by the District Court of the proposed findings and recommendations in the Report and, except upon grounds of plain error, shall bar the party from appellate review of unobjected-to proposed factual findings and legal conclusions accepted by the District Court.  *See* 28 U.S.C. § 636(b)(1)(c); *Thomas v. Arn*, 474 U.S. 140, 150-53, 106 S. Ct. 466, 472-74 (1985);  *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc).

   SIGNED this 1st day of February, 2021.

/s/ Andrew W. Austin

ANDREW W. AUSTIN
UNITED STATES MAGISTRATE JUDGE